FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:16-CR-0034-WFN-1 |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE |
| -vs- | |
| RICHARD TRAVER STORRO, | |
| Defendant. | |

Pending before the Court is Richard Storro's *pro se* Motion for Compassionate Release/Sentence Reduction. ECF No. 422. Mr. Storro asks to be released from prison under 18 U.S.C. § 3582(c)(1)(A) because he is reformed and has a job offer and residence waiting for him. *Id.* at 1–2. Mr. Storro also argues he should be released because the purity of methamphetamine is no longer a reliable proxy for the defendant's role in a drug trafficking enterprise. *Id.* at 2. The Court denies the Motion because Mr. Storro has not shown extraordinary and compelling reasons to reduce his sentence, and because the § 3553(a) factors weigh against early release.

## Background

Mr. Storro pled guilty to conspiracy to possess at least fifty grams of pure methamphetamine with the intent to distribute. ECF No. 201 at 1. On September 26, 2017, he was sentenced to 180 months imprisonment, significantly below the guideline range. *Id.* at 2. On October 19, 2020, Mr. Storro moved for a reduction of his sentence, arguing that he was reformed, and that COVID-19 made conditions in prison intolerable. ECF No. 276. The Court denied the motion because Mr. Storro had not shown extraordinary and

ORDER - 1

compelling reasons warranting release and because Mr. Storro's lengthy criminal history raised concerns about the safety of the public. ECF No. 278. Mr. Storro now moves for compassionate release again on substantially the same grounds.

## Discussion

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so, and (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). Prisoners must satisfy both conditions to obtain compassionate release. *Wright*, 46 F.4th at 945.[1] If either condition is not met, compassionate release must be denied. *Id.*[2]

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the

---

[1] "Any reduction must [also] be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 821 (2010). However, because the Sentencing Commission has not amended the Sentencing Guidelines since Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to petition for compassionate release directly, there *are no* applicable policy statements issued by the Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

[2] Defendants may also qualify for compassionate release if they are at least seventy years of age, have served at least thirty years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Storro is less than seventy, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id.*

ORDER - 2

prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281. Even if the Court denies a motion for compassionate release on other grounds, it must address exhaustion if the Government properly raises the issue. *Id.*

**I. Mr. Storro has satisfied the exhaustion requirement.**

The Government argues Mr. Storro has not exhausted his administrative remedies. ECF No. 432 at 1. In his reply,[3] Defendant informs the Court that it has now been more than thirty days since he submitted his request for compassionate release to the warden. ECF No. 433. The exhaustion requirement is satisfied. *See Keller*, 2 F.4th at 1281.

**II. Mr. Storro has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Storro argues he should be released because he has been rehabilitated and also has a job and residence arranged, ECF No. 422, but these are not extraordinary and compelling circumstances warranting relief, *see* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). In his reply, Mr. Storro argues additionally that conditions in his prison are very bad. ECF No. 433. While the conditions described are undoubtedly unpleasant, they are not extraordinary and compelling circumstances warranting early release. *Cf., e.g.*, *United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[G]eneral conditions that affect inmates indiscriminately throughout the prisons are insufficient to support an individual defendant's claim for compassionate release.").

Because Mr. Storro has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Motion must be denied.

---

[3] After the Government filed its response, and shortly after the deadline for filing his reply, Mr. Storro filed a document addressing compassionate release, entitled Motion for Sentence Reduction Under § 3582(c)(1)(A). ECF No. 433. The Court construes this document as a reply.

ORDER - 3

**III. The factors set forth in § 3553(a) weigh against Mr. Storro's early release.**

Mr. Storro was responsible for trafficking over twenty-three kilograms of methamphetamine into the community over a two-year period prior to his most recent arrest and conviction. ECF No. 203 ¶ 27. This was a serious crime regardless of the methamphetamine's purity. Mr. Storro also had an extensive criminal history before the instant crime, including convictions for assault, theft, drug possession, and unlawful possession of firearms. *Id.* ¶¶ 65–110. Considering the seriousness of Mr. Storro's crime and his extensive criminal history, the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public all weigh against reducing Mr. Storro's sentence. As does the applicable sentencing range. Because the § 3553(a) factors weigh against reducing Mr. Storro's sentence, the Motion must be denied.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. The Court construes the document entitled Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), filed on September 5, 2023, **ECF No. 433**, as a reply. That document shall be **TERMINATED** as a pending motion.

2. Mr. Storro's *pro se* Motion for Compassionate Release/Sentence Reduction, filed March 10, 2023, **ECF No. 422**, is **DENIED**.

The District Court Executive is directed to file this order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 6th day of October, 2023.

10-03-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4